**UNITED STATES of America ex rel. Ralph STAINO, Jr.**

v.

**Joseph R. BRIERLY, Superintendent, State Correctional Institution, Phila., Pa.**

Misc. No. 3533.

United States District Court
E. D. Pennsylvania.

June 9, 1967.

754

John Patrick Walsh and David N. Savitt, Philadelphia, Pa., for petitioner.

William D. Hutchinson, Asst. Dist. Atty., Harry W. Lightstone, Dist. Atty., Pottsville, Pa., for respondent.

## MEMORANDUM

JOHN W. LORD, Jr., District Judge.

This is a petition for writ of habeas corpus asserting the constitutional invalidity of the "tacit admission" rule of evidence. Upon consideration of the briefs and oral argument, and the very excellent and well-reasoned recent opinion of my colleague, Judge Joseph S. Lord, III, in United States ex rel. Smith v. Brierly, April 14, 1967, 267 F.Supp. 274 (E.D.Pa.), the writ shall be granted.

Relator is presently serving a sentence imposed by the Court of Quarter Sessions of Schuylkill County after being found guilty by a jury on charges of burglary and larceny. He appealed the judgment of conviction to the Superior Court of Pennsylvania, and the judgment was affirmed. Allocator to the Supreme Court was denied. Then followed habeas corpus proceedings in the state courts, raising the claim presented to this Court, and resulting in a denial of the writ, and affirmance of that denial. Commonwealth ex rel. Staino v. Cavell, 207 Pa. Super. 274, 217 A.2d 824 (1966); Commonwealth ex rel. Staino v. Cavell, opinion by Jones, J., April 24, 1967 (Sup.Ct. Pa.). Having exhausted his available state remedies, relator presented his petition to this Court.

■ The facts pertinent to this decision are brief. After relator was taken into custody, for his alleged participation in the highly publicized burglary of the Rich home in Pottsville, Pennsylvania, he was confronted with a statement made by an alleged co-conspirator implicating him in the burglary. The statement was read to him on a number of occasions, but he either remained mute or said "I have nothing to say." At the trial, the foregoing facts were received in evidence, and the jury was instructed that they could infer that silence in the face of

such accusations was a tacit admission of its truth. This violated relator's rights to due process. United States ex rel. Smith v. Brierly, supra.

■ The decision of this Court (as in Smith) is based on the cases rejecting use of an involuntary confession. It is clear that a confession must be found to be voluntary before it may be admitted into evidence against a criminal defendant. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Silence is not a voluntary affirmance of facts related to a defendant. Any legal fiction which permits an inference that silence is a confession, must also bear the burden of its being involuntary (since it obviously does not result from the exercise of the defendant's free will to affirm the statement). However, the doctrine of tacit admissions permits a jury to infer affirmance of the statement. Consequently, a jury so instructed is faced with an involuntary confession, and any conviction attended by these circumstances cannot stand in the face of constitutional mandates.

■ Pennsylvania has rejected the tacit admission doctrine, but apparently has not done so retroactively. Commonwealth v. Dravecz, 424 Pa. 582, 227 A.2d 904 (1967). However, constitutional errors of this nature can be collaterally attacked at any time, regardless of the date of conviction. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The mischief of "tacit admissions" is its inherent unreliability, i. e. the barriers it imposes upon the fact-finding process. Certainly, a distortion of facts occurs when a statement "I have nothing to say" is equated with the statement "I agree with what you said." It is because of the danger such a doctrine poses to the accuracy of the fact-finding process that the negation of the doctrine must be applied retroactively. Cf. Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

The Commonwealth further contends that even if we agree with the Smith de-

cision, supra, and hold the tacit admission to be a confession which is involuntary per se, the federal concept of waiver, as embodied in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), precludes the issuance of the writ in this case.

Although relator, through his counsel, objected to the testimony upon which the tacit admission is based, and again raised the question in his motion for a new trial, the Commonwealth contends that the question was abandoned on direct appeal and precludes its consideration in a federal habeas corpus proceeding. The Superior Court, however, on direct appeal apparently had the question before it since the court referred to the tacit admission and affirmed its use. Commonwealth v. Staino, 204 Pa.Super. 319, 330, 204 A.2d 664 (1964). Furthermore, the Supreme Court of Pennsylvania reached the question on the merits in Staino's appeal from the dismissal of his habeas corpus petition holding that the tacit admission was properly admitted into evidence consistent with his rights under the United States Constitution. Obviously, the court did not consider "waiver" to be applicable.

■ The question of waiver of a federally guaranteed constitutional right is a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In the recent decision of Maryland State Penitiary v. Hayden, May 29, 1967, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, n. 3, the petitioner failed to raise an objection to evidence which was discovered by an allegedly illegal seizure. The question was ultimately raised and determined *on the merits* in a state collateral proceeding. The Court found that there was no "waiver" since the deliberate by-passing rule contemplates forfeiture of remedies available in the state courts. Since the federal claim was decided on the mer-

its in the state courts, albeit very late in the proceedings, it could not have been forfeited and therefore was still open for federal court consideration. Accordingly, we find no waiver in the present case.

Petition granted.