Commonwealth *v.* Little, Appellant.

Argued June 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John H. Lewis, Jr.,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 5, 1967:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent.

In April, 1964, appellant Lacey Little was tried and convicted of aggravated robbery and related offenses. On the denial of motions for a new trial and in arrest of judgment, he was sentenced to seven and a half to fifteen years imprisonment. No further proceedings occurred in his case until March, 1966. At that time, he petitioned for post-conviction relief on the ground that his appointed counsel had refused to perfect an appeal on his behalf. The petition was granted, and Little was permitted to take this appeal "nunc pro tunc."

420

At the 1964 trial, a police officer was permitted to testify, over objection, that the complainant confronted the defendant while in police custody and explicitly accused the defendant of the commission of the crime. The Court then asked:

"Q. Before you go any further, detective, did Little say anything at all in the presence of the complainant when the complainant pointed him out as the man who did this?

"A. No, Little said nothing at all.

"Q. He didn't deny it at that time?

"A. He didn't deny it and didn't admit it.

"Q. He said nothing?

"A. He said nothing."

In *Miranda v. Arizona*, 384 U.S. 436, 468 (1966), the United States Supreme Court stated: "[I]t is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." Our Supreme Court has likewise condemned the use of such "tacit admissions." *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967).

The Commonwealth does not seriously dispute that the testimony noted above is within the literal prohibition of those decisions. Instead, it argues that the bar against "tacit admissions," which is to be prospectively applied, cannot govern this case.

I find this argument untenable. In *Commonwealth v. Dravecz*, supra, at p. 595, our Supreme Court held: "[T]he ruling banning the evidentiary use of 'tacit admissions,' first *explicated* in Miranda, need only be applied to those cases wherein the judgment was not finalized as of the date Miranda was announced [June 13, 1966]." A judgment is not "finalized" until the availability of appeal, including review on certiorari

by the United States Supreme Court, has been exhausted. *Linkletter v. Walker,* 381 U.S. 618, 622 n.5 (1965). Since Little is now before us for the first time on direct appeal, I do not see how it can be said that the judgment in his case was "finalized" prior to the decision in *Miranda v. Arizona,* supra.

The Commonwealth asks us to speculate as to the length of time it would have taken Little to exhaust all avenues of relief, if his appeal had been properly perfected by appointed counsel in 1964. I do not agree, however, that we are entitled to engage in such an academic exercise, at appellant's expense.

I note, moreover, that the United States District Court for the Eastern District of Pennsylvania has held, on two separate occasions, that the constitutional bar against "tacit admissions" is to be *retrospectively* applied. *United States ex rel. Smith v. Brierly,* 267 F. Supp. 274 (1967); *United States ex rel. Staino v. Brierly,* 269 F. Supp. 753 (1967). I do not think that we should rely on artificial distinctions between appeals "nunc pro tunc" and other appeals, in this case, when the only result will be to force another premature and unseemly conflict between the Federal and State judiciary.

I would reverse.

SPAULDING, J., concurs in this dissent.