Commonwealth ex rel. Berkery, Appellant, *v.* Myers.

Submitted November 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

380

*John Berkery,* appellant, in propria persona.

*William D. Hutchinson,* Assistant District Attorney, and *Richard B. Russell,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

Appellant John Berkery was tried jointly with Ralph Staino for a 1959 burglary; appellant received a sentence of 5 to 12 years while Staino was sentenced to a term of 4 to 9 years. A third individual allegedly involved in the robbery, Robert Poulson, was arrested, interrogated and his statement reduced to writing. Poulson's statement implicated both Berkery and Staino. When shown this statement, Staino made no reply (the statement was not shown to Berkery); however, Poulson's confession was admitted at the Berkery-Staino trial under the tacit admission doctrine, since rejected prospectively by this Court in *Commonwealth v. Dravecz,* 424 Pa. 582, 227 A. 2d 904 (1967).

Berkery and Staino appealed their convictions and an affirmance resulted. See *Commonwealth v. Staino,* 204 Pa. Superior Ct. 319, 204 A. 2d 664 (1964). This Court denied allocatur. Habeas corpus petitions were then brought by both men; in both petitions the admission of Poulson's confession was challenged. The Court of Common Pleas of Schuylkill County deferred action on Berkery's petition until Staino's was adjudicated. The Superior Court and this Court decided that Staino's tacit admission could not be successfully attacked and thus denied relief. See *Commonwealth ex rel. Staino*

*v. Cavell*, 207 Pa. Superior Ct. 274, 217 A. 2d 824 (1966) (equally divided court) ; *Commonwealth ex rel. Staino v. Cavell*, 425 Pa. 365, 228 A. 2d 647 (1967) (5-2 decision). Berkery's petition was then denied and that denial affirmed by the Superior Court. See *Commonwealth ex rel. Berkery v. Myers*, 209 Pa. Superior Ct. 529, 232 A. 2d 57 (1967). Allocatur was granted by this Court.

After this Court's denial of relief, Staino sought habeas corpus in federal district court. He was successful and the Commonwealth unsuccessful in an appeal to the Third Circuit Court of Appeals. See *United States ex rel. Staino v. Brierly*, 387 F. 2d 597 (3d Cir. 1967), affirming 269 F. Supp. 753 (E.D. Pa. 1967). Although the Third Circuit's opinion does not retroactively invalidate the use of all tacit admissions,[1]

---

[1] The problem of tacit admissions first reached the federal district courts after this Court's affirmance of an unrelated tacit admission case. See *Commonwealth ex rel. Smith v. Rundle*, 423 Pa. 93, 223 A. 2d 88 (1966) (5-2 decision). Judge JOSEPH LORD held that a tacit admission was per se an involuntary confession and thus granted Smith's habeas corpus petition. See *United States ex rel. Smith v. Brierly*, 267 F. Supp. 274 (E.D. Pa. 1967). The Third Circuit affirmed, but its opinion, while indicating that not all tacit admissions can be collaterally attacked, makes no attempt to isolate those which are constitutionally infirm other than to indicate that their use must be fundamentally unfair. See *United States ex rel. Smith v. Brierly*, 384 F. 2d 992, 993 (3d Cir. 1967) : "We agree with the district court that the use of such an episode as an admission by the accused of a fact vital to the proof of a capital offense cannot be squared with the requirement of the Fourteenth Amendment that criminal procedure be fundamentally fair."

Staino's tacit admission was also held to be per se involuntary by the district court. See *United States ex rel. Staino v. Brierly*, 269 F. Supp. 753, 754 (E.D. Pa. 1967) (Judge JOHN LORD). Again, the Third Circuit did not adopt the position that all tacit admissions are per se involuntary and thus invalidate all such admissions retroactively, but did hold that Staino's was involuntary. See *United States ex rel. Staino v. Brierly*, supra at 600: "[I]t is

it is clear that Staino's tacit admission, in the view of the Third Circuit, was unconstitutionally employed.

## I.

Since the Third Circuit has held that Staino's tacit admission could not be employed against him, we shall accept as a given that this admission was unconstitutionally procured despite this Court's prior decision to the contrary. We faced a strikingly similar problem in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965). The Third Circuit in *United States ex rel. Russo v. New Jersey,* 351 F. 2d 429 (3d Cir. 1965), cert. denied, 384 U.S. 1012, 86 S. Ct. 1916 (1966) had adopted an interpretation of *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964) which afforded greater protection to the accused than that accorded to him by our own cases interpreting *Escobedo* such as *Commonwealth v. Patrick,* 416 Pa. 437, 206 A. 2d 295 (1965). Concluding that we would thereafter follow the Third Circuit interpretation, we said in *Negri* (supra at 121-22, 213 A. 2d at 672) : "Obviously, this decision [*Russo*] creates a serious problem for this Court, and jeopardizes the finality of our judgments in relevant cases.

"While recognizing that in cases involving federal questions the Supreme Court of the United States is the ultimate arbiter, in view of the widespread confusion in this area of the law and the failure of the Supreme Court to clarify it, the decision of the Third Circuit Court of Appeals is on this matter, for all prac-

---

difficult at best to justify the application of the tacit admission concept to a prisoner's response when confronted by the police with a statement accusing him of complicity in the very crime for which he has been arrested. And difficulty of justification becomes impossibility when circumstances peculiar to this case are considered."

tical purposes, the ultimate forum in Pennsylvania. If the Pennsylvania courts refuse to abide by its conclusions, then the individual to whom we deny relief need only to 'walk across the street' to gain a different result. Such an unfortunate situation would cause disrespect for the law. It would also result in adding to the already burdensome problems of the Commonwealth's trial courts, which look to us for guidance. Finality of judgments would become illusory, disposition of litigation prolonged for years, the business of the courts unnecessarily clogged, and justice intolerably delayed and frequently denied.

"Consequently, in order to alleviate and correct a regrettable situation, the clear indication for this Court is to accept and follow the decision of the Third Circuit on this matter until some further word is spoken by the Supreme Court of the United States."

The Supreme Court of the United States has yet to speak on the pre-*Miranda* admissibility of tacit admissions. Much of the *Negri* reasoning is therefore applicable.[2] Were we to follow our prior conclusion that Staino's tacit admission did not offend constitutional mandates, Berkery could merely file a federal habeas corpus petition and obtain a "reversal" of this decision. Faced with a situation in which the Third Circuit's decision as to the admissibility of a confession is preordained, we shall not compel Berkery to seek "reversal" of this Court and we thus hold that Staino's tacit admission was unconstitutionally employed at the Staino-Berkery trial.

---

[2] We are not here compelled, as we were in *Negri*, to re-examine an entire doctrine of law for it is presently sufficient to adopt only the Third Circuit's *conclusion* that Staino's admission was unconstitutionally employed. Thus, we need not examine possible retroactive inadmissibility of other tacit admissions used in unrelated cases. _

## II.

The Commonwealth argues that the cautionary instruction given by the trial judge that the jury was not to consider Staino's admission when determining Berkery's guilt[3] cures any defect in the evidentiary use of this admission and cites as support *Delli Paoli v. United States*, 352 U.S. 232, 77 S. Ct. 294 (1957) (5-4 decision). We are convinced, however, that *Delli Paoli* is not supportive of the Commonwealth's position that evidence *inadmissible* as to one co-defendant and which implicates the other can be employed in a joint trial if cautionary instructions are given.

In *Delli Paoli* the Supreme Court affirmed a conviction in which the confession of a co-defendant made after the alleged conspiracy had terminated and which implicated Delli Paoli was admitted in a joint trial. The Court emphasized that, in a simple case and with proper instruction, the jury should be able to segregate the inculpatory statements inadmissible against the party not making them and not consider these statements as evidence of the co-defendant's guilt.[4] What

---

[3] The trial court charged: " 'In connection with this statement, that is, Poulson's statement, we say to you at this point, as we have during the course of the trial, that, Defendant Berkery not having been present, the statement would have no connection, as far as this case is concerned, in regard to Defendant Berkery inasmuch as he was not present when Captain Ferguson read the Poulson statement to Staino. Berkery was not there at the time, and hence, that portion of the evidence cannot be considered by you in connection with Defendant Berkery.' " See *Commonwealth v. Berkery*, 60 Schuylkill L. R. 83, 90 (1964).

[4] Pennsylvania cases do permit the confession of one defendant to be admitted if proper cautionary instructions are given, i.e., this confession cannot be considered as evidence of a co-defendant's guilt. See, e.g., *Commonwealth v. Holloway*, 429 Pa. 344, 240 A. 2d 532 (1968); *Commonwealth v. Hudson*, 269 Pa. 176, 112 Atl. 434 (1921); *Commonwealth v. Dolan*, 155 Pa. Superior Ct. 453, 38 A. 2d 497 (1944). Our research has not uncovered any Pennsyl-

must be emphasized is that the confession of Delli Paoli's co-defendant was *admissible* against the co-defendant while here Staino's tacit admission was *inadmissible,* by virtue of the Third Circuit decision, against Staino.

Cautionary instructions—the balance drawn between the judicial economy of a joint trial and the rights of the co-defendant who did not confess—do not *eliminate* the risk that the jury in fact will consider the confession (or, as in this case, the tacit admission) against both defendants. When the confession is not admissible against the confessor, there is no justification for this risk especially where, as here,[5] the non-

vania case in which the confession was *inadmissible* against the confessor, as is the case here.

The California and New Jersey Supreme Courts have specifically rejected *Delli Paoli* and hold that joint trials are possible only where all parts of the extra-judicial statement implicating any co-defendant are deleted. If deletion is not possible or will prejudice the declarant, then the state must either permit a severance or forego use of the confession. *People v. Aranda,* 63 Cal. 2d 518, 407 P. 2d 265, 47 Cal. Rptr. 353 (1965) ; *State v. Young,* 46 N.J. 152, 215 A. 2d 352 (1965). Other states seem to have adopted such a position, see *Jenkins v. State,*     Del.    , 230 A. 2d 262 (1967) ; *State v. Tapia,* 75 N.M. 757, 411 P. 2d 234 (1966), while some federal courts have given *Delli Paoli* an extremely narrow reading. See *United States v. Bozza,* 365 F. 2d 206 (2d Cir. 1966).

Furthermore, the continued vitality of *Delli Paoli* seems seriously questioned by the rationale of *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964). See The Supreme Court, 1963 Term, 78 Harv. L. Rev. 211, 213 (1964). The Supreme Court of the United States granted certiorari to review two cases—*Garner v. Yeager,* 36 U.S. Law Week 3192-93 (3d Cir. 1967) and *Bruton v. United States,* 375 F. 2d 355 (8th Cir. 1967)—presenting attacks against *Delli Paoli.* See 389 U.S. 818, 88 S. Ct. 117 (1967) ; 389 U.S. 818, 88 S. Ct. 126 (1967). One of these cases, *Garner,* has been remanded to the district court in light of certain relevant changes in New Jersey law, see *Garner v. Yeager,* 389 U.S. 86, 88 S. Ct. 200 (1967), and the other has not as yet been decided.

[5] See *Commonwealth v. Berkery,* 60 Schuylkill L. R. 83, 108 (1964). Several Pennsylvania cases have found significant the fact

confessing defendant requests a severance thus eliminating any possible confusion on the part of the jury. Chief Justice TRAYNOR, writing for the California Supreme Court in *People v. Aranda,* 63 Cal. 2d 518, 407 P. 2d 265, 47 Cal. Rptr. 353 (1965),[6] has reached the identical conclusion (id. at 526, 407 P. 2d at 269-70, 47 Cal. Rptr. at 357-58) : "At best, the rule permitting joint trials in such cases is a compromise between the policies in favor of joint trials and the policies underlying the exclusion of hearsay declarations against one who did not make them. When, however, the confession implicating both defendants is not admissible at all, there is no longer room for compromise. The risk of prejudicing the nonconfessing defendant can no longer be justified by the need for introducing the confession against the one who made it." We thus conclude that Staino's tacit admission should not have been employed at the Staino-Berkery trial and that this error is not cured by the trial judge's cautionary instructions.[7]

### III.

To avoid the necessity of a new trial, the Commonwealth also insists that any error in the use of Staino's tacit admission has been either waived or finally litigated by Berkery and that he is therefore precluded

---

that the allegedly prejudiced co-defendant did not request a severance. See, e.g., *Commonwealth v. Hudson,* supra n.4.

[6] But see *Bruton v. United States,* 375 F. 2d 355 (8th Cir.), cert. granted, 389 U.S. 818, 88 S. Ct. 126 (1967).

[7] It is not necessary to consider the possibility that the use of Staino's admission was harmless error as to Berkery under *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967). The Third Circuit's *Staino* opinion in essence holds that the tacit admission was equivalent to an involuntary confession, thus placing this error within the ambit of the automatic reversal doctrine.

from obtaining collateral relief on this basis.[8]  The doctrine of waiver requires that Berkery, having had an available opportunity to litigate the validity of Staino's tacit admission, failed to do so and that this failure constitutes a deliberate bypass of the available state procedures.  See *Commonwealth v. Snyder*, 427 Pa. 83, 88-94, 233 A. 2d 530, 533-36 (1967).  Berkery objected to the use of Staino's tacit admission at trial and assigned the rejection of this objection as one of the reasons supporting his new trial motion.  See *Commonwealth v. Berkery*, 60 Schuylkill L. R. at 85-86, 90. This issue was also pressed in the Superior Court. See *Commonwealth v. Staino*, supra at 330, 204 A. 2d at 669.  Allocatur was then denied.  Berkery's first and only collateral attack, the habeas corpus petition which is the subject of this appeal, assigns as error the evidentiary use of Staino's admission. The Superior Court again rejected this contention.  See *Commonwealth ex rel. Berkery v. Myers*, supra at 530-32, 232 A. 2d at 58-59.  Berkery, at every available opportunity, thus complained of the utilization of Staino's admission and has not waived any opportunity to litigate this claim.

The Commonwealth's contention that Berkery has finally litigated this claim is premised upon a belief that an accused may not avail himself of retroactive changes in the law[9] (in this case, the Third Circuit's

See *Haynes v. Washington*, 373 U.S. 503, 518-19, 83 S. Ct. 1336, 1345-46 (1963) ; *Commonwealth v. Padgett*, 428 Pa. 229, 232-33, 237 A. 2d 209, 211 (1968).

[8] See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1966).

[9] The Third Circuit likened the use of Staino's tacit admission to the admission into evidence of an involuntary confession, thus making its decision retroactive. See, e.g., *Davis v. North Carolina*, 384 U.S. 737, 86 S. Ct. 1761 (1966). Cases involving retroactive changes in the law must be distinguished from constitutional decisions of prospective application, see, e.g., *Johnson v. New Jersey*,

*Staino* decision) if his contention has once been resolved against him. The operation of the position pressed by the Commonwealth can be illustrated by the following example. An indigent accused is tried and convicted without counsel in 1960. In an attempt to obtain a reversal of this conviction, he asserts on direct appeal that he was entitled to court appointed representation and this claim is rejected. The Supreme Court of the United States in March of 1963 announces *Gideon v. Wainwright.* The hypothetical accused then collaterally attacks his 1960 conviction. Certainly, had the accused not attempted to obtain a reversal of his 1960 conviction in his direct appeal on grounds later adopted in *Gideon,* his *Gideon* claim would not be foreclosed. See *O'Connor v. Ohio,* 385 U.S. 92, 87 S. Ct. 252 (1966). That this accused attempted, albeit prematurely, to change the doctrines governing appointment of counsel should in no way deprive him of later, relevant changes in the law.

Furthermore, were we to hold that Berkery was precluded from employing as the basis for relief the Third Circuit *Staino* decision, he could successfully assert his claim in the federal courts for such a rule could not serve a legitimate state interest. See *Henry v. Mississippi,* 379 U.S. 443, 447-49, 85 S. Ct. 564, 567-68 (1965). A denial of relief by this Court and then an immediate "reversal" of that decision by a federal court would result in the very evil *Negri* was designed to combat. We therefore hold that Berkery has not finally litigated his claim and that he is entitled to a new trial.

The orders of the Superior Court and the Court of Common Pleas of Schuylkill County are reversed, the record is remanded and a new trial granted.

---

384 U.S. 719, 86 S. Ct. 1772 (1966) and changes in Pennsylvania criminal law which are not retroactive, see, e.g., *Commonwealth ex rel. Hough v. Maroney,* 402 Pa. 371, 167 A. 2d 303, cert. denied, 366 U.S. 971, 81 S. Ct. 1936 (1961).

Mr. Chief Justice BELL and Mr. Justice JONES dissent.

Mr. Justice COHEN took no part in the consideration or decision of this case.