Commonwealth *v.* Little, Appellant.

Argued April 19, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused December 13, 1968.

*John H. Lewis, Jr.,* with him *Morgan, Lewis & Bockius,* for appellant.

*Michael J. Rotko,* Assistant District Attorney, with him *Benjamin H. Levintow,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1968:

Appellant, Lacey P. Little, was tried on April 16 and 17, 1964 and convicted of aggravated assault and battery and aggravated robbery. He was sentenced to a term of seven and a half to fifteen years,[1] and took no appeal. Post Conviction Hearing Act proceedings ensued, appellant was found to have been denied his right to appeal, assured by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and an appeal was granted nunc pro tunc. The Superior Court affirmed the conviction per curiam, Judge HOFFMAN and Judge SPAULDING dissenting.

The crucial issue for our determination is the effect to be accorded the introduction of a "tacit admission." Despite the Commonwealth's protestations to the contrary, there can be no doubt that the disputed testimony constituted a tacit admission. The testimony of Detective McKenna was as follows: "BY MR. MARION: Q. You're telling us now what Dr. Polakoff told you, is that correct? A. Yes. BY THE COURT: Q. Is this in the presence of the defendant? A. Yes, it was. BY MR. MARION: Q. Continue, then. A. He stated that Little was the man who had entered his shop on February 21, 1964, had argued with him over fourteen dollars, and after leaving reentered the shop and beat and robbed him of forty-four dollars and his wrist watch, and he said at this time that Little had beat him with a file. Now, Little was interrogated, Your Honor, inside the 6th District on February 22, 1964. He said that he had went into the complainant's shop on February 21st, sometime in the morning, to have his eyes examined. Q. Before you go any further, Detective, did Little say anything at all in the presence

---

[1] Actually the sentence was 7½-15 on one count and two years probation, to run concurrently, on the other.

of the complainant when the complainant pointed him out as the man who did this? A. No, Little said nothing at all. Q. He didn't deny it at that time? A. He didn't deny it and didn't admit it. Q. He said nothing A. He said nothing."

The Commonwealth argues further, that even if this is a tacit admission, the proscription against tacit admissions should not be applied in this nunc pro tunc appeal of a case tried on April 17, 1964. We disagree.

*Commonwealth v. Dravecz,* 424 Pa. 582, 227 A. 2d 904 (1967) controls the instant case. In that case, the view of a majority of this Court was expressed through Mr. Justice EAGEN'S concurring opinion, which stated that a reversal is required in all cases employing a tacit admission "wherein the judgment was not finalized as of the date *Miranda* was announced." The judgment in this case clearly was not final as of the date *Miranda* was announced. Justice ROBERTS' dissenting opinion in *Commonwealth v. Jefferson,* 430 Pa. 532, 243 A. 2d 412 (1968) is directly apposite here: "Even the most cursory reading of Dravecz indicates that this Court chose to adopt the Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1713 (1965) rule to restrict the retroactivity of its decision. As articulated by the Supreme Court, the concept of finality employed in Linkletter and adopted by Dravecz compels the conclusion that Jefferson's conviction is not final: 'By final we mean where the judgment of conviction was rendered, the *availability* of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in Mapp v. Ohio.' 381 U.S. at 622 n.5, 85 S. Ct. at 1734 n.5. (Emphasis supplied.) That the availability of appeal for [Little] has not been exhausted is amply demonstrated by the fact that the present proceeding is a direct appeal. If the Supreme Court (and this Court, by adopting the Supreme Court's

test) intended to exclude Douglas claims (Douglas, decided in 1963, was well prior to Linkletter) it could have insisted that the relevant inquiry was whether the *time* for appeal not its availability had expired." (Emphasis in original)

The decision itself in *Jefferson* does not control the instant case. Mr. Justice MUSMANNO'S opinion states that in a nunc pro tunc appeal the appellant is entitled only to those rights which he would have had if the appeal had been timely filed. It therefore concludes that since Jefferson would not have been entitled to the United States Supreme Court's and our recent decisions relative to the inadmissibility of tacit admissions if his appeal had been presented immediately subsequent to sentence, he is not entitled to the benefit of those decisions in his appeal nunc pro tunc. This is not only inconsistent with *Dravecz* and its adoption of *Linkletter,* as we have pointed out above, but would lead the Court into a dreadful factual morass. As Judge HOFFMAN points out in his dissenting opinion below, 210 Pa. Superior Ct. 418, 421, 232 A. 2d 637 (1967), such a view would require the Court "to speculate as to the length of time it would have taken Little to exhaust all avenues of relief, if his appeal had been properly perfected by appointed counsel in 1964."[2]

Moreover, *stare decisis* does not dictate that Mr. Justice MUSMANNO'S opinion in *Jefferson* control the instant case. That opinion, joined by only one other member of this Court, has no binding precedential value. In fact, of the five justices to speak on the is-

[2] For instance, *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A. 2d 859 (1968) was finally decided by this Court on October 3, 1968. The original County Court judgments had been entered on February 3, 1964. *Dillworth* was thus on direct appeal for over four years.

sue of finality in a nunc pro tunc appeal, three were of the view that the judgment is not final.[3]

Nor is the Commonwealth's reliance upon *Commonwealth ex rel. Shadd v. Myers*, 423 Pa. 82, 223 A. 2d 296 (1966) well placed. In *Shadd*, this Court stated that *Miranda's* proscription of the use of tacit admissions "need not and will not be applied retroactively in Pennsylvania." That statement is still the law in Pennsylvania, to the extent that it has not been superseded by *Commonwealth v. Stevens*, 429 Pa. 593, 240 A. 2d 536 (1968) and *Commonwealth ex rel. Berkery v. Myers*, 429 Pa. 378, 239 A. 2d 805 (1968). However, to apply the tacit admission proscription of *Miranda* to a direct nunc pro tunc appeal, we have held, is not to apply it retroactively. The Commonwealth argues that *Shadd* covers the instant case because we there remanded for a *Douglas* hearing to determine whether Shadd had been denied his right to appeal. The next step in the Commonwealth's argument is a complete *non sequitur*, for it states that *Shadd* makes clear that, should an appeal nunc pro tunc be allowed, the tacit admission question could not be raised. On the contrary, there is not the slightest intimation in *Shadd* that such was the case. We merely held that the tacit admission could not be collaterally attacked. We said nothing at all concerning the using of the tacit admission question on a nunc pro tunc appeal.

---

[3] Three were also of the view that, where the use of a tacit admission results in a fundamentally unfair trial, the conviction in retroactively invalid, *Commonwealth v. Stevens*, 429 Pa. 593, 240 A. 2d 536 (1968); *Commonwealth ex rel. Berkery v. Myers*, 429 Pa. 378, 239 A. 2d 805 (1968) and that this question should have been discussed. Inasmuch as we are of the opinion that appellant's judgment was never finalized, we need not consider whether, if it had been finalized, the use of the tacit admission was fundamentally unfair.

Holding as we do that on an appeal nunc pro tunc, the defendant may raise the question of the use against him of a tacit admission, we reverse the order of the Superior Court, vacate the judgment of sentence, and remand to the Court of Quarter Sessions of Philadelphia County for a new trial consistent with the views expressed herein.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I strongly disagree with the majority's decision and with much of the reasoning contained in its Opinion. I would affirm the conviction, and I would also affirm the decision of the Superior Court, which holds that a tacit admission is admissible in this case on the retrial of the appellant, who was convicted in April 1964 of aggravated robbery and aggravated assault and battery.