## Commonwealth *v.* Mahaffey, Appellant.

Submitted May 25, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Richard D. Walker,* for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Cohen, July 2, 1970:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Dauphin County. Leonard Mahaffey, appellant, was arrested in Cleveland, Tennessee on July 18, 1953 on a charge of having committed a robbery in Dauphin County. He waived extradition and was returned on July 20. The next day a charge of murder was entered against him, and a preliminary hearing was held the day after. Ap-

pellant was indicted on September 14, 1953, and on September 21 while represented by counsel he pleaded guilty to the murder charge. Beginning on November 5 a three-judge panel took testimony, and on December 21 the court sentenced appellant to life imprisonment. No post-trial motions were filed, and no direct appeal was taken.

In 1959 appellant filed his first habeas corpus petition which was dismissed in *Commonwealth ex rel. Mahaffey v. Banmiller,* 74 Dauphin 104 (1959). His second petition was dismissed in *Commonwealth ex rel. Mahaffey v. Maroney,* 83 Dauphin 220 (1965), and we affirmed at 418 Pa. 631, 213 A. 2d 216 (1965). Appellant then filed a habeas corpus petition in the United States District Court, Middle District of Pennsylvania which was dismissed in an unreported opinion by Judge FOLLMER in which he stated: "Petitioner's constitutional rights were fully protected at all stages of the proceedings, from the time of his arrest in Tennessee to the time of his sentence. The petition is completely without merit, as were the petitions in Dauphin County, and will be denied." (Filed March 3, 1966).

Thereafter, on March 23, 1967, appellant filed his first petition under the Post Conviction Hearing Act, and this was dismissed in *Commonwealth v. Mahaffey,* 88 Dauphin 90 (1967). Mahaffey filed in this Court a petition for extension of time to file an appeal which we granted on October 26, 1967, but he did not continue with his appeal. This is appellant's second PCHA petition, and because the Commonwealth felt it could not establish that appellant has knowingly waived his right to a direct appeal, the court below permitted him to file post-trial motions nunc pro tunc. On August 29, 1969 it dismissed his motion for a new trial, 91 Dauphin 194 (1969), and this appeal has resulted.

Mahaffey makes, in essence, three arguments. The first is that the confession he made was not a volun-

tary one and that this confession was the motivation for his guilty plea. In support of this he contends that during interrogation he was not informed of his right to remain silent and that anything he said could be used against him, and he states that he was entitled to the *Miranda* warnings because his conviction was not finalized as of the date *Miranda* was decided citing *Commonwealth v. Little,* 432 Pa. 256, 248 A. 2d 32 (1968). In our previous opinion we stated, 418 Pa. at 632: "We have carefully examined the record and agree with the court below that no meritorious reason is assigned or evident to warrant the issuance of the writ." Nothing appears in the record before us now to alter that opinion. In addition, this issue was raised in his first PCHA petition (his third state court petition), and the court below dismissed it. We gave appellant extra time to appeal from that order, but he decided not to take an appeal. Finally, under the guidelines announced in *McMann v. Richardson,* 397 U.S. 759 (1970), a defendant may not gain relief merely by alleging that a coerced confession induced his guilty plea. The United States Supreme Court stated, 397 U.S. at 770-71: "In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter not on whether a court would retroactively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." Appellant makes no claim that counsel lacked the necessary competence, and Federal District Judge FOLLMER specifically stated that at the trial "he was most ably represented."

The second argument is that appellant was misled into waiving extradition because he did not know until he returned to Pennsylvania that he would be charged with murder. At the time of extradition, robbery was the only charge outstanding against appellant, and at trial Mahaffey made no objection to the admission of the Waiver of Extradition he had signed. Furthermore, this issue was raised in the first and second habeas corpus petitions and was dismissed in both decisions, the latter of which was appealed to this Court.

Finally, appellant argues that he was deprived of counsel during three critical stages of his case, (a) the extradition proceedings in Tennessee, (b) during the time of his interrogation by the Pennsylvania State Police, and (c) at his preliminary hearing on July 22, 1953. As to (a), the validity of the extradition proceedings has been raised in each of appellant's three prior state court petitions and in each case has been found without merit by the court below and in the second case by this Court. This matter has been fully litigated. As to (b), this also has been raised before and decided adversely to Mahaffey, and he is concluded by the decision of the United States Supreme Court in *Johnson v. New Jersey*, 384 U.S. 719 (1966). Finally, as to (c), this has been raised and decided adversely to Mahaffey in prior petitions, and he did not raise it in the lower court in his motion for a new trial in this proceeding.

The judgment of sentence is affirmed.

Mr. Justice ROBERTS concurs in the result.