Commonwealth *v*. Stromberg, Appellant.

Submitted November 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard M. Lovenwirth,* Assistant Public Defender, for appellant.

*Richard A. Devlin* and *Stewart J. Greenleaf,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

In 1950 appellant pleaded guilty to murder generally. Following a degree of guilt hearing, he was found guilty of first degree murder and sentenced to life imprisonment. No appeal was taken. In 1968 he filed a Post Conviction Hearing Act petition alleging that his plea of guilty was not knowingly and intelligently entered, that a coerced confession was admitted into evidence at his degree of guilt hearing, and that he was denied his right to appeal. Counsel was appointed and a hearing held. The court granted him his right to appeal, but denied relief on all other claims. This appeal followed and we affirm.

Since the hearing court determined that appellant had been denied his constitutional right to file an appeal from his original conviction, see *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), appellant initially urges that the evidence produced at his degree of guilt hearing was insufficient to make out a case of first degree murder. That evidence indicated that appellant stabbed decedent in the shoulder with a scissor, while the two were in the Graterford prison dining hall. Appellant argues that since the stabbing occurred in prison, where it is common to carry some sort of weapon merely for self-protection, the normal inferences of

malice cannot be drawn from appellant's possession of the scissor.

Our cases are clear, however, that it is not the mere carrying of the weapon which gives rise to the possible inference of malice. Malice "may be inferred from the *intentional* use, without *legal excuse* or legal justification, of a deadly weapon on a vital part of another human body: [citing cases]." *Commonwealth v. Winebrenner*, 439 Pa. 73, 79, 265 A. 2d 108, 112 (1970) (emphasis added). Further, appellant, in his confession introduced without objection at the degree of guilt hearing, stated that he had secreted the scissor on his person for the very purpose of stabbing the decedent, and that he had intended to kill him. In light of this evidence, therefore, we cannot say that the trial court erred in finding appellant guilty of murder in the first degree.

Appellant also urges that his confession was unconstitutionally obtained, in that he was physically coerced and was not given his *Miranda* warnings. As to the coercion claim, although the Commonwealth produced no evidence on the point, the burden of persuasion in this collateral proceeding rested with the petitioner, see *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970), and the hearing court reasonably disbelieved his testimony. Additionally, we note that this confession was admitted into evidence without objection.

Further, appellant cannot now avail himself of the ruling in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Appellant urges that under *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968), *Miranda* applies to all convictions not yet finalized when *Miranda* was decided. *Little*, however, deals only with the area of tacit admissions, and it followed the standard of retroactivity set out in *Linkletter v. Walker*, 381 U.S. 618, 85 S. Ct. 1731 (1965). See *Common-*

*wealth v. Dravecz,* 424 Pa. 582, 592, 227 A. 2d 904, 909 (1967) (EAGEN, J., speaking for a majority of the Court). But see *Commonwealth v. Stevens,* 429 Pa. 593, 240 A. 2d 536 (1968) ; *Commonwealth ex rel. Berkery v. Myers,* 429 Pa. 378, 239 A. 2d 805 (1968). *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966), makes clear that for confessions, *Miranda* will be applied only to those cases tried after *Miranda* was decided. Since the instant case does not involve a tacit admission, the ruling in *Little* is not available; since the case was tried before *Miranda, Miranda* is not available. Hence, appellant is not entitled to relief on this point.

Finally, appellant urges that his plea was not knowingly and intelligently entered. At the PCHA hearing the Commonwealth presented no witnesses. Appellant testified that he did not know that by pleading guilty to murder he could be found guilty of first degree murder, that he was not informed of his possible defenses, and that counsel promised he would get no more than ten to twenty years. In addition, the on-the-record colloquy made at the degree of guilt hearing does not indicate whether appellant had any knowledge of the consequences of his plea. Nevertheless, "[t]he trial court, faced with a silent record, must either choose to disbelieve what appears to be credible and internally consistent testimony by the prisoner that he was never examined as to the consequences of his plea or grant the relief requested." *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A. 2d 196, 198 (1968). The hearing court chose to disbelieve appellant, and we cannot say this factual finding was error. See *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970).

The judgment of sentence of the Court of Common Pleas, Criminal Division, of Montgomery County is affirmed.