**Vanessa SIVIGLIA**

v.

**Dominic SIVIGLIA.**

**Civ. A. No. 90–4557.**

United States District Court,
E.D. Pennsylvania.

March 29, 1991.

Berle M. Schiller, Philadelphia, Pa., for plaintiff.

James S. Sorrentino, Lancaster, Pa., for defendant.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

On July 12, 1990, plaintiff Vanessa Siviglia instituted this action against her father, Dominic Siviglia, alleging that he sexually abused her for approximately ten years while she was a minor living at home. Plaintiff contends that her father engaged in various types of sexual relations with her, including fellatio and sexual intercourse.

Plaintiff's father appeared for a deposition on October 22, 1990 and, after answering general background questions, he was instructed by his attorney not to answer any questions concerning plaintiff's allegations of sexual abuse occurring prior to July 1988. Defendant's counsel stated that he based his instructions to his client on the fact that he had not yet had an opportunity to depose plaintiff and would not permit his client to answer questions pertaining to alleged sexual abuse as long as plaintiff had a reasonable basis for alleging that the

statute of limitations did not begin to run until early 1990.

Defendant's deposition was taken again on November 6, 1990 at plaintiff's counsel's office. On that date, plaintiff's deposition was taken first. Thereafter, defendant refused to answer any questions concerning the allegations in the complaint pursuant to his privilege against self-incrimination under the fifth amendment to the United States Constitution.

As a result of defendant's refusal to answer any questions concerning the allegations in the complaint, plaintiff filed a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure, requesting this court to require defendant to answer all questions propounded to him or be precluded at trial from introducing any evidence in support of a defense. Plaintiff also requested this court to order defendant to reimburse plaintiff in the amount of $852.00 for lost wages and travel expenses for attendance at the two depositions.

A witness in a civil case may assert the privilege against self-incrimination "only if the threat of prosecution is 'substantial and real and not merely trifling or imaginary.'" *United States v. Gordon*, 634 F.Supp. 409, 412 (CIT 1986) (citing *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968)). A majority of courts have held or suggested that a witness cannot invoke the privilege against self-incrimination when the threat of prosecution is precluded by the statute of limitations. *See, e.g., United States v. Goodman*, 289 F.2d 256, 259 (4th Cir.1961) ("if by reason

of the statute of limitations there remains no *possibility* that a prosecution of the witness could result from or be assisted by his answers to questions, he is not justified in refusing to answer"); *Femia v. McLaughlin*, 126 F.R.D. 426 (D.Mass. 1989); *Commonwealth v. Lenart*, 430 Pa. 144, 242 A.2d 259, 264 (1968) (O'Brien, J., concurring).[1] In *Lenart*, Justice O'Brien stated:

> "As a general rule, a witness may be compelled to testify with respect to a crime the prosecution of which is barred by the statute of limitations." If the witness cannot be convicted of the crime, the fact that he can be prosecuted for it is of only academic interest.

*Id.* at 152, 242 A.2d at 264 (quoting 98 C.J.S. Witnesses § 438, p. 259.)

I conclude that defendant in this case may be compelled to testify with respect to actions which amount to crimes the prosecution of which are barred by the statute of limitations because the threat of prosecution is *not* substantial or real. Therefore, I must determine whether defendant can still be criminally prosecuted for rape (18 Pa.Cons.Stat. § 3121), involuntary deviate sexual intercourse (18 Pa. Cons.Stat. § 3123), or incest (18 Pa.Cons. Stat. § 4116).

Under Pennsylvania law, the Commonwealth must commence criminal prosecution for rape, involuntary deviate sexual intercourse, and incest within five years after commission of these offenses. 42 Pa.Cons.Stat.Ann. § 5552(b). When these offenses are committed against a child under eighteen years of age, the five-year limitation period does *not* begin to run

---

**1.** In *Lenart*, the court held that the fact that the applicable statute of limitations had run was *not* a basis for compelling a witness to testify. 430 Pa. at 148, 242 A.2d at 262. This holding was based upon *McFadden v. Reynolds*, 20 W.N.C. 312, 11 A. 638 (1887), in which the court held that the statute of limitations is not a *per se* bar to prosecution because it is an affirmation defense which must be pleaded.

In his concurrence in *Lenart*, Justice O'Brien agreed that, under the facts of the case, the witness could *not* be compelled to testify. However, Justice O'Brien disagreed with the court's affirmance of the holding in *McFadden v. Reyn-*

*olds*, a case which according to Justice O'Brien had "not withstood the test of time." 430 Pa. at 152, 242 A.2d at 264.

Justice O'Brien was joined by Justice Roberts. Justice Musmanno, who wrote the opinion of the court, was only joined by Justice Bell. The remaining three justices concurred in the result. Therefore, the opinion in *Lenart* has no binding precedential value. *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32, 35 (1968) (opinion of Supreme Court joined by only one other justice has no binding precedential value).

Furthermore, the issue before me in this motion is a federal constitutional issue and, thus, I am *not* bound by Pennsylvania law.

until the child turns eighteen. 42 Pa.Cons. Stat.Ann. § 5554(3). Defendant's sexual abuse ended before plaintiff's eighteenth birthday on January 19, 1983. Thus, the Commonwealth has been barred from prosecuting defendant for rape, involuntary deviate sexual intercourse, and incest since January 19, 1988.

However, there is a "discovery" exception set forth in section 5552(c)(1) which provides that, if the five-year limitation period has expired, a prosecution may nevertheless be commenced for

> [a]ny offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, *but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.*

42 Pa.Cons.Stat.Ann. § 5552(c)(1).

Even if the discovery exception were applicable to the present case, it adds only a maximum of three years to the criminal statute of limitations, which in defendant's case would extend the limitations period to January 19, 1991. Consequently, because the Commonwealth did *not* bring charges against defendant prior to January 19, 1991, defendant is protected from criminal prosecution.

■ Defendant argues that his daughter may recall other abusive acts long suppressed in her memory and that the criminal statute of limitations may *not* have expired with respect to these newly discovered acts. This argument is pure speculation. Plaintiff has consistently testified that she comprehended her father's attacks as they took place. *See* Deposition of Vanessa Siviglia at pp. 6, 26, 30–31, 72–73. Although plaintiff may *not* recall the exact date of some attacks, *see* Deposition of Vanessa Siviglia at p. 98, it is clear that the attacks stopped before she turned eighteen because she left her father's home at the age of seventeen. *See* Deposition of Vanessa Siviglia at pp. 17–25. In addition, it is plaintiff's testimony that the abuse lasted until she was fifteen years of age. *See* Deposition of Vanessa Siviglia at pp. 6–7 & 15. If there are incidents that plaintiff has not yet recalled, they would have had to have happened to plaintiff between the ages of fifteen and seventeen. Defendant presents no facts establishing any likelihood (1) that other abusive acts occurred after his daughter's eighteenth birthday, or (2) that his daughter would recall acts of abuse after her eighteenth birthday. Hence, defendant's contention amounts to nothing more than baseless and imaginary fear that the criminal statute of limitations has not yet expired.

■ Equally baseless is defendant's contention that, because he warned his daughter not to tell anyone about his abusive acts, the criminal statute of limitations may be tolled. First, the court in *Commonwealth v. Burruss*, 380 Pa.Super. 272, 551 A.2d 580 (1988), the case that defendant relies upon in making his far-fetched argument, suggested that a statute of limitations may be tolled *if* statements made by the defendant concealed the offense *or* prevented the victim from learning that a crime had been committed. In the present case, the threats made by plaintiff's father did *not* conceal the offense or prevent plaintiff from learning that a crime had been committed. In fact, on one occasion when she was sixteen, plaintiff actually reported her father's behavior to the police. *See* Deposition of Vanessa Siviglia at pp. 16–18.

An appropriate order follows.

### ORDER

Upon consideration of plaintiff's motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure and to recover lost wages and travel expenses for attendance at two depositions, defendant's memorandum of law in support of right to assert privilege against self-incrimination, plaintiff's memorandum of law in opposition to defendant's assertion of the privilege against self-incrimination, and for the

reasons stated in the accompanying memorandum,

IT IS ORDERED THAT

1. Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

2. Defendant Dominic Siviglia shall appear for a deposition at a time and place convenient for both parties within four weeks after the date of this order. At that deposition, defendant may *not* avoid answering questions propounded to him by pleading his fifth amendment privilege against self-incrimination.

3. Because, arguably, the criminal statute of limitations did *not* run against defendant until January 19, 1991, defendant need *not* reimburse plaintiff for lost wages and travel expenses incurred while attending two depositions both of which occurred prior to January 19, 1991.