411 P.2d 234

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Eugenio Carlos TAPIA, Defendant-Appellant.**

**No. 7812.**

Supreme Court of New Mexico.

Feb. 14, 1966.

Edward T. Johnson, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Paul Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Eugenio Carlos Tapia and Carlos Cordova, jointly accused of murder, were tried together before a jury. Cordova was acquitted by an instructed verdict, while Tapia was convicted of murder in the first degree from which he has appealed.

Both defendants being indigent, the court appointed two attorneys to represent both defendants at the preliminary examination and in the trial of the case in the district court. Since the Tapia appeal is in forma pauperis, counsel was appointed to represent him in this court.

 Tapia rests his appeal largely upon the contention that the interests of the two defendants were conflicting and that the court's failure to appoint separate counsel to represent him constituted a denial of due process requiring a remand for a new trial. We agree. Since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, 93 A.L.R.2d 733, and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, there is no doubt that the right of one charged with crime to be represented by counsel at every critical stage of a criminal proceeding is fundamental and required in state courts. And, as Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680, said:

" * * * the 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired [,]"

it is argued that no objection was made to the joint representation of the two defendants, but we indulge every reasonable presumption against the waiver of fundamental rights in preserving the protection of the Bill of Rights for defendants in criminal cases. The duty rests upon the trial judge to see "that the trial is conducted with solicitude for the essential rights of the accused." Glasser v. United States, supra. In State v. Peoples, 69 N.M. 106, 364 P.2d 359, attention was called to the argument of the state that the error complained of was not saved for review. After saying that it probably was saved, this court said:

"But, be that as it may, the error complained of goes to the very foundation of the case. In this circumstance, we will consider on appeal the error whether or not timely objections and exceptions are made. * * *"

See, also, State v. Gomez, 75 N.M. 545, 408 P.2d 48, where we said that notwithstanding the failure of counsel to present a defense:

"We are responsible to see that a person convicted of crime shall have a fair trial with a proper defense, and that no conviction shall stand because of the absence of either. * * *"

See, also, State v. Varos, 69 N.M. 19, 363 P.2d 629; Aetna Life Ins. Co. of Hartford, Conn. v. Kelley, 70 F.2d 589, 93 A.L.R. 471 (8th Cir. 1934); State v. Moore, 194 Or.

232, 241 P.2d 455; and Brooks v. State, 209 Miss. 150, 46 So.2d 94.

We think the record in this case fails to disclose such concern for the basic rights of Tapia. The charge was the premeditated and intentional killing of Felix Maes. Tapia argues with much force that the State's evidence against him, upon which the jury returned a verdict of murder in the first degree, consisted almost entirely of two statements made by his co-defendant Cordova to police officers. These statements, it is said, furnished the principal evidence against Tapia of premeditation and intent to injure, and contained exculpatory matter concerning Cordova.

The criminal information recites that a preliminary examination was held. Counsel no doubt knew of those statements by Cordova, yet, notwithstanding the apparent conflict in interest between the two defendants, the record does not disclose a request for separate trials either before impaneling the jury or during the trial when it became obvious that the interests of the two defendants were diametrically opposed. Tapia's interests demanded more than a mere request to limit the statements to the defendant Cordova, or an admonishment that the jury should not consider them against Tapia. People v. Aranda, Cal., 47 Cal.Rptr. 353, 407 P.2d 265. Compare Underwood v. Commonwealth, 390 S.W.2d 635 (Ky.). His interests at that point demanded vigorous opposition to the admission in evidence of the Cordova statements. The conflict in interest was crucial at this point. Admission of the statements clearly damaged Tapia but their exclusion might well destroy Cordova. Further, by trying both defendants jointly, Cordova could not be called as a witness by the State, thus depriving Tapia of his valuable right to be confronted by and to cross-examine the principal witness against him.

We are not required to determine the exact degree of prejudice sustained by Tapia as the result of the court's appointment of the same counsel to represent both defendants. The answer is found in Glasser, where it was said:

"* * * The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

Cf. State v. Karston, 247 Iowa 32, 72 N.W. 2d 463; Wright v. Johnston, 77 F.Supp. 687 (N.D.Cal.1948) ; People v. Douglas, 61 Cal. 2d 430, 38 Cal.Rptr. 884, 392 P.2d 964; Craig v. United States, 217 F.2d 355 (6th Cir. 1954).

Our determination that the error in not assigning separate counsel to represent Tapia requires a reversal makes it unnecessary to consider other questions briefed and argued.

The judgment and sentence are reversed and the cause remanded with instructions to

vacate the verdict, judgment and sentence, and to grant the defendant Tapia a new trial. It is so ordered.

CARMODY, C. J., and CHAVEZ, MOISE and COMPTON, JJ., concur.