Dissenting Opinion by
Hoffman, J.:
Appellant was indicted and found guilty by a jury of the crime of robbery with an accomplice on Bill 262. He was tried jointly with William Troup, Jr., who was also found guilty.
Appellant moved for a new trial on the ground that his constitutional right to confront the witnesses against him was violated when co-defendant Troup’s confession, which implicated appellant, was admitted into evidence. The motion was denied on the basis that any possible prejudice was cured by the court’s cautionary instructions to the jury. Appellant appeals from this denial.
Our Court today affirms the proposition that no prejudice resulted from the admission of Troup’s confession. I disagree.
General rules of evidence, applied in our Courts, as well as federal courts, have permitted confessions or admissions to be admitted into evidence even though *200 a co-defendant may be implicated, if cautionary instructions are given to the jury. Commonwealth v. Berman, 119 Pa. Superior Ct. 315, 181 A. 244 (1935); Delli Paoli v. United States, 352 U.S. 232 (1957). Without such instructions, it is a fundamental principle of criminal justice that the confession of one defendant may not be offered into evidence against a co-defendant. The recent case of Commonwealth ex rel. Berkery v. Myers, 429 Pa. 378, 239 A. 2d 805 (1968), however, precludes admission of an illegally obtained confession of a defendant which implicates a co-defendant, even if the trial court gave cautionary instructions.[1]
The Commonwealth contends that the cautionary instruction given by the trial judge, that the jury must not consider Troup’s confession as evidence against Poteet, cured any defect in its use. Admittedly, the United States Supreme Court decision of Delli Paoli permits such a confession where the court believes that the implicated co-defendant has not been prejudiced. *201 Nevertheless, this concept has been under severe attack by several federal and state courts in recent years, and has been in part discredited by our Supreme Court in jBerhery.
The result reached in DeTli PaoU is a compromise of three policy considerations: “(1) The administrative convenience and judicial economy of joint trials; (2) The evidentiary value of the confessions of less than all of the defendants; (3) The preservation of the co-defendants’ right to a fair and impartial trial.” 1967 Duke L. J. 202, 204.
In most instances, the ultimate decision results from a consideration of the above policies within, the context of the particular case. In other words, courts attempt to weigh the prejudicial effects against the salutary ones produced by admission of the confession in determining the issue of admissibility.
Our Supreme Court has recently criticized this balancing process and opined that cautionary instructions in such instances “. . . do not eliminate the risk that the jury in fact will consider the confession . . . against both defendants.” Commonwealth ex rel. Berkery v. Myers, supra. [Italics in the original case.] That case quotes from People v. Aranda, 63 Cal. 2d 518, 407 P. 2d 265, 47 Cal. Rptr. 353 (1965), in which the Supreme Court of California stated: “The risk of prejudicing the nonconfessing defendant can no longer be justified by the need for introducing the confession against the one who made it. Accordingly, we have held that the erroneous admission into evidence of a confession implicating both defendants is not necessarily cured by an instruction that it is to be considered only against the declarant.” at 526.
The import of these decisions is that a defendant in a joint trial has a right to preserve a separate and distinct identity in the minds of the jury. Through the *202 admission of a confession which implicates him, a defendant may suffer a conviction based upon evidence, which is theoretically incompetent against him. HiS ability to maintain his separate identity becomes more difficult when a general atmosphere of confusion is created and dangers of guilt by association come into play. Consequently, several courts maintain that the rule enunciated in Delli Paoli is unworkable and “. . . ‘results in serious impairment of the rights of the accused to a fair consideration by an impartial jury of the competent evidence produced against him.’ ” People v. Aranda, supra, at 525. Moreover, such a rule calls upon the jury to perform “a mental gymnastic which is beyond, not only their powers, but anybody’s else.” Nash v. United States, 54 F. 2d 1006, 1007 (2d Cir. 1932); see also 1967 Duke L. J., supra. Thus, in light of these recent developments in the concept of criminal jurisprudence and the Berherjj decision, it is my opinion that Troup’s confession which implicated Poteet was improperly admitted.[2]
*203 It is also my view that the facts in this case differ markedly from those in Delli Paoli, and therefore, make the latter case inapplicable. It is agreed that one of the tests enunciated in Delli Paoli to determine if prejudice has resulted is the amount of independent' evidence presented against the implicated defendant. In Delli PaoU there was sufficient evidence to convict the defendant without reliance on the confession. Here, however, the evidence independent of the confession was very weak against Poteet. The victim, Elmira Kline, was 88 years of age at the time of the commission of the crime. She testified that she went downstairs in the dark and did not turn the lights on. She was asked: “Q. Did you recognize them that night? A. No, I didn’t. I have bad eyes.” Nor was she ever able to positively identify them. She further testified that she had poor eyesight and didn’t have her glasses on at the time of the crime. She heard no names mentioned, and the only identification made by her was that one assailant was tall and the other one short. The only other evidence against defendant Poteet was a pawn shop ticket for a radio allegedly taken from the home of Mrs. Kline. The proprietor of the pawn shop, Mr. Staley, testified, however, that he could not identify the defendant as the one who brought the radio into the shop.
In light of this evidence, it appears that the admissions and confessions of Troup, which implicated Poteet, prejudiced Poteet. In summary, it is my opinion that the test of Delli Paoli has not been met, and that the recent decision of Commonwealth ex rel. Berkery v. Myers, supra, would preclude the use of Troup’s confession in this joint trial. I would, therefore, reverse and grant a new trial on bill No. 262.
Spaulding, J., joins in this dissent.

 In that case, the court stated:
“The California and New Jersey Supreme Courts have specifically rejected Delli Paoli and hold that joint trials are possible only where all parts of the extrajudicial statement implicating any co-defendant are deleted. If deletion is not possible or will prejudice the declarant, then the state must either permit a severance or forego use of the confession. People v. Aranda, 63 Cal. 2d 518, 407 P. 2d 265, 47 Cal. Rptr. 353 (1965); State v. Voung, 46 N.J. 152, 215 A. 2d 352 (1965). Other states seem to have adopted such a position, see Jenkins v. State, Del. , 230 A. 2d 262 (1967) ; State v. Tapia, 75 N.M. 757, 411 P. 2d 234 (1966), while some federal courts have given Delli Paoli an extremely narrow reading. See United States v. Bozza, 365 F. 2d 206 (2d Cir. 1966).
“Furthermore, the continued vitality of Delli Paoli seems seriously questioned by the rationale of Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774 (1964). See The Supreme Court, 1963 Term, 78 Harv. L. Rev. 211, 213 (1964).” Commonwealth ex rel. Berkery v. Myers, supra, n. 4.

 It is important to note that the Supreme Court of the United States has granted certiorari to review Bruton v. United States, 375 F. 2d 355 (8th Cir. 1967), which severely questions the vitality of the DelU PaoU decision. In Bruton, the confession of co-defendant Evans, which implicated Bruton, was held illegally obtained. The fact that the confession was held illegaUy obtained, however, in no way detracts from the possible prejudice to a co-defendant. For even if it were admissible, the jury is supposedly instructed to disregard it as evidence against the implicated defendant. The Eighth Circuit reversed the conviction of co-defendant Evans, but Bruton’s conviction was affirmed on the ground that there was enough evidence apart from Evans’ confession to convict him, and that the trial court’s instruction to the jury to apply the Evans’ confession solely to Evans sufficiently protected Bruton from prejudice. Furthermore, there was no request for a severance. Similarly, no request was made in the instant ease, but this should not be a determinative factor. See 1967 Duke L. J., supra.