672 P.2d 1132

**STATE of New Mexico, Petitioner,**

v.

**Arturo HERNANDEZ, Respondent.**

**No. 15062.**

Supreme Court of New Mexico.

Dec. 7, 1983.

victed offenders.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for respondent.

## OPINION

PAYNE, Chief Justice.

A petition for a writ of certiorari challenged the court of appeals ruling that Arturo Hernandez was denied his constitutional right to effective counsel. We reverse the court of appeals and reinstate the judgment of the trial court.

In November 1982, Hernandez was convicted of three counts of armed robbery. The day of trial, prior to swearing in the jury, Graham, defense counsel for Hernandez, indicated that his client wanted him to withdraw from the case. He requested the trial be postponed until new counsel be secured. Hernandez also requested new counsel of the court.

Hernandez alleged that he was denied a fair trial because attorneys Graham and Juarez became law partners the very day of trial. Juarez had previously been defense attorney for co-defendant Ramirez. However, in February 1982, Ramirez entered a guilty plea to the charge of armed robbery and was placed on probation. In return, he promised to testify for State in the prosecution of Hernandez. Graham had not represented Defendant, nor had he been associated with Juarez at that time.

The trial court denied Defendant's and Graham's motion to substitute counsel. It felt that the matter was raised to delay the trial and that the conflict of interest was a "very slight technicality of a matter of a

few hours." In addition, it stated that Mr. Juarez "is no longer in any way representing any of the co-defendants in this matter . . . ."

The court of appeals reversed the trial court. It focused on the fact that Hernandez does not need to show actual prejudice to obtain new counsel. *State v. Tapia,* 75 N.M. 757, 411 P.2d 234 (1966). It found the right to effective counsel was denied by a possible conflict arising on the morning of trial.

▇ A defendant is entitled to effective representation of counsel. U.S. Const. amend. VI; N.M. Const. art. II, § 14. Where a constitutional right to counsel exists, there is a correlative right to representation that is free from conflicts of interest. *Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). Representation of two defendants by the same attorney is not *per se* a violation of constitutional guarantees of effective counsel. Only where a court requires an attorney to represent two co-defendants whose interests are in conflict is one of the defendants' Sixth Amendment right to effective counsel denied. *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In dicta, we acknowledged that a conflict of interest may arise where two attorneys, part of the same association, represent a criminal defendant and a co-defendant turned prosecution witness. *State v. Robinson,* 99 N.M. 674, 662 P.2d 1341 (1983). In *Robinson,* the defendant claimed he was denied his constitutional right to effective assistance of counsel where he and a co-defendant were arrested for armed robbery and killing a police officer. Both were represented by the public defender's office. The grand jury failed to indict the defendants. Subsequently, the co-defendant was arrested for another crime. He reached a plea agreement with the police where he would testify against Robinson for the earlier crimes charged. He was represented by the public defender at the time of this plea negotiation. But the trial court ruled that

because the public defender was not representing Robinson at the time of the plea agreement, the constitutional right was not denied even though the same defender had previously represented Robinson. We affirmed the decision on appeal.

▇ "[T]he possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). An actual conflict exists if a defendant's counsel "*actively* represented conflicting interests." *Robinson,* 99 N.M. at 679, 662 P.2d at 1345 (emphasis added). Here, the court of appeals held that the actual conflict arose the morning of trial. But the law partnership did not exist at the time of Ramirez's plea agreement, nor was Graham representing Hernandez at that time. This conflict is too slight to find that Graham "actively represented conflicting interests."

The court of appeals decision places importance on the notion that Hernandez did not need to show actual prejudice from the conflicting interests. The dispositive issue, however, is whether there was an actual conflict of interest. The issue differs from that dealt with in *Holloway.* In the *Holloway* case, three men robbed a restaurant. During the robbery, one female employee was raped once; another, twice. Campbell confessed that he stood, with a rifle, as a lookout one flight of stairs above the site of the robbery and rapes, and had not taken part in the rapes. 435 U.S. at 477–78, 98 S.Ct. at 1175–76. Campbell and Holloway were identified as the robbers; and Holloway as one of the rapists. The same attorney represented both at trial. He was unable to guide their direct testimony, lest he prejudice the other. The Supreme Court recognized that this conflict was suspect. The trial court failed to ascertain its magnitude despite defense counsel's motion, and joint representation was improperly required. Reversal was automatic.

504

Here we have no indication of a conflict or of joint representation. The *Holloway* holding is not applicable to this case.

The facts in *Tapia* are also distinguishable from the facts in this case. There, the right to effective counsel was denied because there was an "apparent conflict of interest." 75 N.M. at 760, 411 P.2d at 236. The principal evidence against Tapia, which led to a first degree murder conviction, consisted of two statements by his co-defendant. Both were on trial together. Separate counsel was not appointed despite the need for "vigorous opposition" to the co-defendant's statements. *Id.* Also, the co-defendant was not subject to cross-examination because he was not the state's witness.

However, in the instant case, Ramirez had pled guilty nine months before trial commenced. Juarez's representation of co-defendant ended long before he joined Graham as a partner. There is no joint representation. In addition, Ramirez as the state's witness was subject to cross-examination. There was no indication that Graham had any reason not to actively oppose the inculpatory statements of Ramirez. We hold that these facts do not support a finding of an actual conflict of interest.

For the reasons stated, we reverse the court of appeals.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, RIORDAN and STOWERS, JJ., concur.